UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS



| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| HBA CAST PRODUCTS CO., INC., | ) ) |
| Defendant, and | ) ) |
| FLEET NATIONAL BANK, CITIZENS BANK, and SOVEREIGN BANK | ) ) ) |
| Trustee Process Defendants | ) ) |

Civil Action No. 03-CV-30282-MAP

FILED
CLERK'S OFFICE

U.S. DISTRICT COURT
DISTRICT OF MASS.

**GENERAL ELECTRIC CAPITAL CORPORATION'S EX PARTE MOTION FOR AN
ATTACHMENT OF REAL AND PERSONAL PROPERTY,
AN ATTACHMENT ON TRUSTEE PROCESS,
AND A TEMPORARY RESTRAINING ORDER**

Pursuant to Fed. R. Civ. P. 64, Mass. R. Civ. P. 4.1 and 4.2, and Mass. Gen. L. c.246, Plaintiff General Electric Capital Corporation ("GE Capital") moves for an order approving: (i) a general attachment of all real property located in Hampden County, Massachusetts owned by defendant HBA Cast Products Co., Inc. ("HBA") in an amount of up to $793,775.73; (ii) an attachment of the real property located at 262 Liberty Street, Springfield, Massachusetts that is, on information and belief, the plant and headquarters of defendant HBA; (iii) an attachment of all personal property located at the 262 Liberty Street property, including fixtures and equipment belonging to defendant HBA; (iv) an attachment on trustee process, in the amount of up to $793,775.73 of the goods, effects and credits which are due or may become due, including cash on deposit, of HBA held by Fleet National Bank ("Fleet"), Citizens Bank ("Citizens"), and

~BOST1:291220.v1

Sovereign Bank ("Sovereign"); and (v) a temporary restraining order restraining HBA and its employees, officers, directors, agents, assigns, and all persons with actual knowledge of the Court's order, from selling, alienating, transferring and/or otherwise disposing of any asset held and/or controlled by HBA, other than in the ordinary course of business, without further order of this Court. In support of this motion, GE Capital relies on its Verified Complaint, the Affidavit of Steven J. Buttacavoli (attached as Exhibit A hereto), and further states as follows:

1. On November 20, 2003, GE Capital filed a claim against HBA for breach of contract arising out of HBA's failure to make loan repayment installments due and owing to GE Capital on the balance HBA owes to GE Capital under a Master Security Agreement and promissory note entered into between GE Capital and HBA for the purchase of certain capital equipment by HBA.

2. As is outlined in the Verified Complaint, HBA has failed to meet its repayment obligations since August 2003. See Verified Complaint at ¶ 14. On October 30, 2003, Pursuant to Paragraph 7(b) of the Master Security Agreement, GE Capital declared the entire principal sum remaining unpaid, together with all accrued interest thereon and any other sums payable, immediately due and payable. See id. at ¶¶ 15-16. The current balance due and owing to GE Capital is $793,775.73, not including the costs of collection.

3. GE Capital received a first and prior security interest in certain capital equipment used in HBA's die casting business. This Equipment is located in Queretaro, Mexico, the location of an HBA die casting plant.

4. In addition, on information and belief, HBA has real property and equipment located in Massachusetts at 262 Liberty Street in Springfield, Massachusetts.

5. HBA was served with the Verified Complaint on December 9, 2003. HBA has yet to answer the Verified Complaint, and an answer is not yet due. However, circumstances have changed since the filing of the Verified Complaint that lead GE Capital to seek the prejudgment security requested in the Motions on an expedited basis.

6. Since the filing of the Verified Complaint, GE Captial has learned that HBA's Queretaro die casting plant has ceased operation. Furthermore, GE Capital has learned that the landlord of HBA's plant in Querataro, where the equipment is located, has physically locked the premises, with the Equipment still inside the plant.

7. By locking the doors to the HBA facility in Querataro, HBA's landlord has effectively seized the equipment that is subject to GE Capital's first and prior security interest.

8. GE Capital is working to pursue its rights to protect its security interest in the equipment in Querataro. The outcome of those efforts is, however, uncertain. Indeed, GE Capital has no information at this time about the condition or disposition of the Equipment.

9. Consequently, GE Capital has brought the Motions to obtain security that is available under Massachusetts state law, pursuant to Fed. R. Civ. P. 64, to ensure that sufficient resources are available to satisfy a judgment in this action.

10. This Court may grant, pursuant to Fed. R. Civ. P. 64, "all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action [that] are available under the circumstances and in the manner provided by the law of the state in which the district court is held."

11. Furthermore, this court has the equitable power to issue a temporary restraining order to sequester assets of the defendant pending execution. See St. Paul Fire & Marine Ins. Co. v. Ellis & Ellis, 951 F. Supp. 5, 6-7 (D. Mass. 1996).

12. As set forth more fully in the facts of the Verified Complaint, GE Capital is likely to prevail in this action and recover at least $793,775.73 -- the amount of the attachments GE Capital seeks. See Verified Complaint at ¶ 16.

13. The requested writs of attachment are critical to secure GE Capital's ability to satisfy any judgment this Court may enter. The Master Security Agreement and the attached Collateral Schedule No. 1 create a security interest in the equipment purchased with the proceeds of the loan at issue. That equipment is, however, located in Queretaro, Mexico. GE Capital believes that there is a clear danger that it will not be able to perfect its security interest in the equipment because it has been effectively seized by HBA's landlord in Mexico. See Steven J. Buttacavoli Aff. at ¶¶ 5-6.

14. GE Capital knows of no liability insurance available to HBA to satisfy a judgment in GE Capital's favor in this action.

15. Accordingly, GE Capital needs to obtain an attachment on defendant's real and personal property located in the Commonwealth of Massachusetts, and an attachment on trustee process of HBA's goods, effects and credits, including cash on deposit, in the hands or possession of the Trustee.

16. Massachusetts provides for ex parte attachment of assets pursuant to Mass. R. Civ. P. 4.1(f). See, e.g., Int'l Ass'n of Bridge, Structural, and Ornamental Iron Workers, Shopmen's Local Union 501 v. Burtman Iron Works, Inc., 164 F.R.D. 305, 306 (D. Mass. 1995) (citing Mass. R. Civ. P. 4.1 standard for ex parte attachments).

17. Ex Parte attachments and trustee process attachments are permitted under Massachusetts law where:

> there is a clear danger that the defendant, if notified in advance of attachment of the property will convey it, remove it from the state

- 4 -

BOST1:291220.v1

or will conceal it, or (iii) there is immediate danger that the defendant will damage or destroy the property to be attached.

Mass. R. Civ. P. 4.1(f). See also Mass. R. Civ. P. 4.2(g) (Ex Parte Hearings on Trustee Process).

18. GE Capital states that no bond is required under M.G.L. c.246, § 1 because, as set forth above and in the Verified Complaint, this is an action for money due upon a contract in writing.

19. GE Captial also believes that there is a danger that if HBA is notified in advance of the request for attachments, HBA will transfer or dispose of assets during the pendency of this action and render any judgment against it uncollectable.

WHEREFORE, GE Capital respectfully requests that this Court issue an Order approving the following: (i) a general attachment of all real property located in Hampden County, Massachusetts owned by defendant HBA in an amount of up to $793,775.73; (ii) an attachment of the real property located at 262 Liberty Street, Springfield, Massachusetts that is, on information and belief, the plant and headquarters of defendant HBA; (iii) an attachment of all personal property located at the 262 Liberty Street property, including fixtures and equipment belonging to defendant HBA; (iv) the attachment on trustee process, in the amount of up to $793,775.73 of the goods, effects and credits which are due or may become due, including cash on deposit, of HBA held by Fleet, Citizens, and/or Sovereign; and (v) a temporary restraining order barring HBA and its employees, officers, directors, agents, assigns, and all persons with actual knowledge of the Court's order, from selling, alienating, transferring and/or otherwise disposing of any asset held and/or controlled by HBA, other than in the ordinary course of business.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(d), GE Capital requests a hearing on this matter to assist the court in disposition of this matter.

GENERAL ELECTRIC CAPITAL
CORPORATION

By its attorneys,

C. Dylan Sanders (BBO # 630668)
Steven J. Buttacavoli (BBO # 651440)
PIPER RUDNICK LLP
One International Place, 21st Floor
Boston, MA 02110-2600
(617) 406-6000

Dated: December 23rd, 2003

## CERTIFICATE OF SERVICE

I, Steven J. Buttacavoli, hereby certify that hereby certify that no counsel has entered an appearance on behalf of defendant HBA Cast Products, Inc. ("HBA"). I have this 23rd day of December, 2003, served the foregoing by delivering it by first-class mail, postage prepaid, to HBA.

## RULE 7.1 CERTIFICATE

I, Steven J. Buttacavoli, hereby certify that no counsel has entered an appearance on behalf of HBA. Furthermore, in-house counsel at plaintiff General Electric Capital Corporation has attempted to contact HBA directly to resolve the issues that are the subject of this motion, but has been unable to speak with anyone at HBA.

/s/ Steven J. Buttacavoli
Steven J. Buttacavoli