UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION,<br><br>    Plaintiff,<br>v.<br><br>HBA CAST PRODUCTS CO., INC.,<br><br>    Defendant | Civil Action No. 03-CV-30282-MAP |

## REQUEST FOR JUDGMENT BY DEFAULT

Pursuant to Federal Rule of Civil Procedure 55(b), plaintiff General Electric Capital Corporation ("GE Capital") hereby requests a judgment by default against defendant HBA Cast Products Co., Inc. ("HBA") in the amount of $814,749.86. This amount includes a sum certain owed under the contract of $795,312.99, and $19,436.87 in attorneys' fees and costs incurred to date in connection with this lawsuit to which GE Capital is also entitled under the contract.

In support of this request, GE Capital directs the Court to the accompanying affidavit of Steven J. Buttacavoli, counsel to GE Capital.

>                                Respectfully Submitted,
>
>                                GENERAL ELECTRIC CAPITAL CORP.
>
>                                By its attorneys,
>
>                                /s/ Steven J. Buttacavoli
>                                _____
>                                C. Dylan Sanders (BBO # 630668)
>                                Steven J. Buttacavoli (BBO # 651440)
>                                PIPER RUDNICK LLP
>                                One International Place, 21st Floor
>                                Boston, MA  02110-2600
>                                (617) 406-6000

Dated: March 1, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>HBA CAST PRODUCTS CO., INC.,<br><br>        Defendant | Civil Action No. 03-CV-30282-MAP |

**AFFIDAVIT IN SUPPORT OF PLAINTIFF'S
<u>REQUEST FOR DEFAULT</u>**

I, Steven J. Buttacavoli, hereby state:

1. I represent General Electric Capital Corporation ("GE Capital"), the plaintiff in the above-captioned matter. I have personal knowledge of the procedural steps taken in this case.

2. On November 20, 2003, GE Capital filed a Verified Complaint against HBA Cast Products, Co. Inc. ("HBA"), the defendants in the above-captioned matter. HBA was served with a summons together with a copy of the complaint on December 9, 2003. Returns of service so indicating have been filed with the Court.

3. As stated in the Verified Complaint, beginning on August 1, 2003, HBA has failed to make loan repayment obligations due and owing to GE Capital. As of October 30, 2003, pursuant to the express terms of the Agreements at issue in this case, the full amounts owed to GE Capital under the Agreements were accelerated. At the time the Verified Complaint was filed, HBA owed GE Capital $793,775.73. As stated in the Verified Complaint, however, that payoff amount expired on December 31, 2003. <u>See</u> Verified Complaint at ¶¶ 13-16.

4.     Pursuant to Paragraph 7(b) of the Master Agreement and the Promissory Note, attached at <u>Exhibits A and B</u> to the Verified Complaint, any accelerated obligations and liabilities of HBA bear interest at a rate of 18% per annum when such obligations and liabilities are in default and are subject to penalties for late payments. Under those terms, HBA presently owes GE Captial $795,312.99.

5.     Pursuant to Paragraph 7(e) of the Master Agreement, and as stated in Paragraph 17 of the Verified Complaint, HBA is obligated to pay GE Capital's attorneys' fees and costs incurred in connection with the enforcement of GE Capital's rights under the Agreement. As of February 1, 2004, GE Capital has incurred $19,436.87 in legal fees and costs associated with this lawsuit. Of the legal fees incurred through February 1, 2004, approximately $3,762.00 were for initial case research and drafting of the Verified Complaint, $9,244.30 relate to GE Capital's efforts to obtain pre-judgment security, and $4,503.50 were for negotiations with opposing counsel and discussions with Mexican counsel concerning GE Capital's security interest in HBA's equipment in Mexico and other sources available to satisfy HBA's obligations to GE Captial.

6.     More than twenty (20) days have elapsed since the date on which HBA was served with the summons and complaint, and HBA has failed to answer or otherwise defend.

7.     On December 29, 2003 Joseph B. Collins, Esq. filed a limited appearance on behalf of HBA for the purpose of opposing GE Capital's motions for pre-judgment security in this case and appeared at a hearing on such motions on that date. Neither Mr. Collins nor any other counsel has filed a general appearance on behalf of HBA in this case.

8. On January 26, 2004, I spoke with Mr. Collins by telephone regarding the expiration of the deadline for HBA's answer to the Verified Complaint. Mr. Collins told me that he did not intend to file a general appearance in this matter. Furthermore, Mr. Collins also said that it was his understanding that HBA did not intend to appear and defend this matter.

9. On January 27, 2004, I wrote the Clerk of the United States District Court for the District of Massachusetts, Western Division, requesting an entry of default in this case.

10. On January 28, 2004, this Court entered a Notice of Default against HBA.

11. This affidavit is executed in accordance with Rule 55(b)(1) of the Federal Rules of Civil Procedure for the purpose of enabling the plaintiff to obtain a judgment of default against the Defendants for their failure to answer or otherwise defend as to the plaintiff's complaint.

12. I further state that HBA, the defendant in this action, is neither an infant nor an incompetent person. Moreover, HBA is not a person in the armed services as defined by the Soldiers' and Sailors' Relief Act of 1940 as amended.

Signed under the pains and penalties of perjury this 1st day of March, 2004.

/s/ Steven J. Buttacavoli
_____
Steven J. Buttacavoli

## CERTIFICATE OF SERVICE

I, Steven J. Buttacavoli, hereby certify that hereby certify that no counsel has entered a general appearance on behalf of defendant HBA Cast Products, Inc. ("HBA"). I have this 1st day of March, 2004, served the foregoing by delivering it by first-class mail, postage prepaid, directly to HBA. I have also served a copy of the foregoing upon Joseph Collins, Esq., counsel who made a special appearance on behalf of HBA on December 29, 2003.

/s/ Steven J. Buttacavoli
_____